Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 03467 | **DATE** | 05/13/2013 |
| **CASE TITLE** | HSBC Bank USA, N.A. vs. Curtin, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this Order, the Court determines that it has, and clarifies its basis for, subject matter jurisdiction over this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

  HSBC Bank USA, N.A. ("HSBC") filed this action against Jeffery C. Curtin, Marianna Curtin, Household Bank, F.S.B., and the United States, alleging that the Curtins defaulted on their mortgage and seeking, *inter alia,* a finding that the United States' tax liens on the mortgaged property, as well as any other interests of the named defendants, are junior and subservient to HSBC's mortgage lien. Whether there is subject matter jurisdiction "is the first question in every case," *see State of Ill. v. City of Chi.,* 137 F.3d 474, 478 (7th Cir. 1998), which the Court has an independent duty to address and answer. *See Sanford v. Giannoulias,* No. 10 C 03936, 2010 WL 2696152, at *1 (N.D. Ill. July 6, 2010) (citing *Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 693 (7th Cir. 2003)). For the reasons set forth below, the Court determines that it has, and clarifies its basis for, subject matter jurisdiction over this case.

  HSBC's complaint bases the Court's subject matter jurisdiction over this matter on diversity of citizenship, *see* 28 U.S.C. § 1332, on the grounds that HSBC's principal place of business and headquarters are in Virginia, while Defendants Jeffery Curtin and Marianna Curtin are citizens of Illinois and Defendant Household Bank is chartered under the laws of, and headquartered in, Illinois. But there can be no diversity jurisdiction under § 1332 because the United States is named as a party. *See Frey v. EPA,* 270 F.3d 1129, 1136-37 (7th Cir. 2001) (citing *Gen. Ry. Signal Co. v. Corcoran,* 921 F.2d 700 (7th Cir. 1991) (federal agency cannot be sued in diversity)).

  That said, HSBC maintains that the Court has subject matter jurisdiction over its priority claim against the United States under 28 U.S.C. § 1340, which provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." *See* Compl. at ¶ 6. As courts in this and others districts have previously held, a "suit to determine the validity and priority of [a] federal lien turns on and arises under federal tax

laws, namely 26 U.S.C. § 6323." *See U.S. Bank N.A. v. Erakovich,* No. 10 C 03843, 2010 WL 4877011, at *1 (N.D. Ill. Nov. 24, 2010) (citing *Pac. Mut. Life Ins. Co. v. Am. Nat'l Bank & Trust Co.,* 642 F. Supp. 163, 164 (N.D. Ill. 1986); *Somers v. Luterbach,* No. 06-C-608, 2008 WL 1780936, at *3 (E.D. Wis. Apr. 15, 2008); *In re Garcia,* No. 01-945-CIV, 2002 WL 31409580, at *2 (S.D. Fla. Sept. 6 2002); *Viva Ltd. v. United States,* 490 F. Supp. 1002, 1004 (D. Colo. 1980); *City of New York v. Evigo Corp.,* 121 F. Supp. 748, 750 (S.D.N.Y. 1954)). Accordingly, HSBC's claim against the United States falls under § 1340, and, therefore, this Court has federal question jurisdiction over that claim. *See id.*

That leaves for consideration HSBC's state law claims against the Curtins and Household Bank. Section 1367(a) of Title 28 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action…that they form part of the same case or controversy…includ[ing] claims that involve the joinder…of additional parties." 28 U.S.C. § 1367(a). As explained above, § 1340 provides this Court with federal question jurisdiction over HSBC's claim against the United States, and HSBC's state law foreclosure claims are part of the "same case or controversy" as that federal claim. *See, e.g, Erakovich,* 2010 WL 4877011, at *2 (citing *Fritz v. Coffey,* No. 1:07-CV-115-TS, 2008 WL 2444552, at *3 (N.D. Ind. June 16, 2008)). Therefore, the Court has supplemental jurisdiction over HSBC's state law claims against the Curtins and Household Bank, and subject matter jurisdiction over this case.

To be clear, however, the Court does not have diversity jurisdiction in this case and plaintiffs in foreclosure cases are advised to modify their jurisdictional allegations accordingly when the United States is named as a defendant in the action.

*John J. Tharp Jr.*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|