IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee on behalf of ACE SECURITIES CORP. HOME EQUITY LOAN TRUST and for THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br>        Plaintiff,<br>V.<br><br>JEFFREY C. CURTIN, MARIANNA CURTIN, and UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE<br>        Defendants. | **Case No:** 13 C 3467<br><br><br><br><br><br>**Judge:** John J. Tharp, Jr. |

## JUDGMENT FOR FORECLOSURE AND SALE

THIS CAUSE having been duly heard by this Court upon the record herein on the merits of the Complaint for Foreclosure filed by the Plaintiff and on Plaintiff's Motion for entry of Judgment for Foreclosure and Sale, (hereinafter referred to as Judgment) the Court

**FINDS:**

1. **JURISDICTION:** The Court has jurisdiction over the parties hereto and the subject matter hereof.

2. **ALLEGATIONS PROVEN:** This Judgment is fully dispositive of the interest of all defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504, those allegations being both required and those deemed alleged by virtue of subsection (c), are true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage and Note which is the subject matter of these proceedings is extinguished and merged into Judgment and default no longer exists, but has been replaced by Judgment, and that by virtue of the Mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter for the following amounts

| | |
|---|---:|
| Principal, Accrued Interest, Advances, & Late Fees by Plaintiff to September 23, 2013: | $217,116.46 |
| Per Diem Interest to November 21, 2014: | $16,866.72 |
| Costs of Suit: | $400.00 |
| Foreclosure Attorneys' Fees: | $897.50 |
| **TOTAL:** | **$235,280.68** |

1

All the foregoing amounts have been accounted for in the Affidavit(s) filed by Plaintiff.

3. **SUBORDINATE LIENS AND INTERESTS:**
   a. The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

   That the United States of America has a valid and subsisting lien in the amount of $424,832.15, as of May 15, 2013, plus interest and penalties and less any payments of credits made since the assessment, junior to the lien of the Plaintiff's

   Except for Plaintiff, any other party claiming an interest in the premises or the proceeds of the judicial sale of the mortgaged real estate is deferred in proving its priority until the hearing to confirm the sale.

   With respect to the Internal Revenue Service and pursuant to 28 U.S.C. §2410, the United States of America shall be granted one-hundred and twenty days from the date the sale is confirmed within which to redeem the property from said sale.

4. **ATTORNEY FEES:** By its terms said Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are foreclosure attorneys' fees in the sum of $897.50.

5. **COURT COSTS:** Under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses incurred to date totaling $400.00 are hereby allowed to the Plaintiff.

6. **ADVANCES:** That advances made in order to protect the lien of the Judgment and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums and post Judgment attorney fees incurred by the plaintiff and not included in this judgment, but incurred prior to the Foreclosure Sale, shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

7. **PROPERTY FORECLOSED UPON:** The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder and/or Registrar for Cook County, Illinois as Document No 0536305225, and the property herein referred to and directed to be sold is described as follows:

    LOT 10 IN BLOCK 7 IN THE FIRST ADDITION TO WALTER G. MCINTOSH'S METROPOLITAN ELEVATED SUBDIVISION, BEING A SUBDIVISION OF THAT PART IN THE SOUTH WEST 1/4 LYING NORTH OF THE SOUTH 1271.2 FEET OF THE SOUTH 300 ACRES OF SECTION 19, TOWNSHIP 39 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN ALSO OF BLOCKS 78, 79, AND 80 IN THE SUBDIVISION OF SAID SECTION 19 (EXCEPT THE SOUTH 300 ACRES THEREOF) IN COOK COUNTY, ILLINOIS

    Commonly known as: 1614 South Wisconsin Avenue, Berwyn, IL 60402
    Permanent Index No.: 16-19-301-023-0000

8. **MORTGAGE NOTE:** The Mortgage herein referred to secures a Mortgage Note in the sum of $208,000.00 which has been duly accelerated pursuant to the terms of said Note and executed by:

    Jeffrey C. Curtin & Marianna Curtin

9. **REDEMPTION:** The owner(s) of the equity of redemption are the mortgagors, property owners and any other party defendant named in the Complaint with the statutory right of redemption, with the exception of the Registrar of Titles, if named, and any party dismissed by order of Court.

    a. The subject real estate is Residential as defined in 735 ILCS 5/15-1219.

    b. The Court has obtained jurisdiction over the owners of the right of redemption as set forth in The Attorney's Certification of Service on Defendants.

    c. With respect to the Internal Revenue Service and pursuant to 28 U.S.C. §2410, the United States of America shall be granted one-hundred and twenty days from the date the sale is confirmed within which to redeem the property from said sale.

    d. The redemption period will expire on **February 23, 2015**.

10. Based upon the pleadings, proofs and admission(s), Plaintiff has standing, capacity and authority to maintain this cause.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. **JUDGMENT:** A Judgment for Foreclosure and Sale be entered pursuant to 735 ILCS 5/15-1506 against the subject property and all defendants not previously dismissed. The Court finds that all attorney fees and costs requested herein are reasonable and allowable under the terms of the note and mortgage.

2. **SALE:** The subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507.

3. **SALE PROCEDURES:**

    a. The subject real estate shall be sold pursuant to statute at the expiration of the reinstatement period and the redemption period found to expire as set forth in paragraph 9 above.

    b. The Judicial Sale to be conducted pursuant to this Judgment for Foreclosure and Sale shall be by public auction. The opening bid shall be provided by the Plaintiff and conducted by the Sheriff for Cook County or other Selling Officer as appointed by the Court and shall be conducted in full compliance with the statutory requirements contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to provide the Sheriff for Cook County or other Selling Officer as appointed by the Court with its initial bid, then the Sheriff for Cook County or other Selling Officer as appointed by the Court shall continue the sale to a date as mutually agreed upon by the Sheriff of Cook County or other Selling Officer as appointed by the Court, and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c) (4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

    c. The real estate shall be sold for cash or certified funds to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff.

    d. Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances and any existing defects in title. The Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of the Judicial Sale.

4. **NOTICE OF SALE:**

    a. The mortgagee, or such other party designated by the court, in a foreclosure under Article 15 shall give public Notice of the Sale pursuant to statute. The Notice of Sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or Counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice. The Notice of Sale shall contain at least the following information:

        i. The name, address and telephone number of the person to contact for information regarding the real estate.

        ii. The common address and other common description (other than legal description), if any, of the real estate.

        iii. A legal description of the real estate sufficient to identify it with reasonable certainty.

        iv. A description of the improvements on the real estate.

  v. The real estate may NOT be inspected prior to sale.

  vi. The time and the place of the sale.

  vii. The terms of the sale.

  viii. The title, case number and the court in which the foreclosure was filed.

  ix. Any other information required herein or by separate order.

b. The notice of sale shall be published at least three consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by an advertisement in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and a separate advertisement in the section of such newspaper, (except in counties with a population in excess of 3,000,000), which may not be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that the separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient and that no other publications shall be required unless otherwise ordered by the Court.

c. The party who gives notice of public sale shall also give notice of public sale to all parties in the action who have appeared and have not heretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint; not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

d. The party who gives notice of public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given.

e. Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.

    f.   The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

5. **SALE PROCEEDS:**

    a. In the event the Plaintiff is purchaser of the mortgaged real estate at such sale, the Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure at the statutory interest rate from the date of Judgment through the date of sale plus any fees, costs and advances made after the entry of this Judgment for Foreclosure and Sale pursuant to 735 ILCS 5/15-1505 and 15-1603.

    b. The proceeds of the sale shall be distributed in the following order pursuant to 735 ILCS 5/15-1512:

        i. The reasonable expenses of sale.

        ii. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505 and other legal expenses incurred by the mortgagee.

        iii. Satisfaction of all claims in the order of priority as set forth in the Judgment for Foreclosure and Sale. If the issue of priorities was reserved pursuant to 735 ILCS 5/15-1506(h), the proceeds will be distributed as set forth in the order confirming sale.

        iv. Any balance of proceeds due after the above distribution shall be held by the officer conducting the sale until further order of court.

6. **RECEIPT UPON SALE AND CERTIFICATE OF SALE:** Upon and at the sale of mortgaged real estate, the person conducting the sale shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. Upon payment in full of the amount bid, the person conducting the sale shall issue, in duplicate, and give to the purchaser a Certificate of Sale in recordable form which describes the real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable.

7. **REPORT OF SALE:** The person conducting the sale shall promptly make a report to the court. The report of sale may be prepared by the Plaintiff to be reviewed and executed by the person conducting the sale and the person conducting the sale shall submit or cause to be submitted the report for review by the court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

8. **CONFIRMATION OF SALE:** Upon motion and notice in accordance with court rules applicable to motions generally, the court shall conduct a hearing to confirm the sale pursuant to 735 ILCS 5/15-1508. The mortgagee, or such other party designated by this court, shall send notice of such hearing.

    a. Unless the court finds that either a notice required in accordance with 735 ILCS 5/15-1507(c) was not given, that the terms of the sale were unconscionable, that the sale was conducted fraudulently, or that justice was otherwise not done, the court shall then enter an order confirming the sale.

    b. The order confirming the sale shall include an order for possession which shall become effective 30 days after entry unless otherwise ordered by the court. The order for possession may be included in the order confirming sale or may be by separate order to be entered at the time of sale confirmation.

    c. If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court may enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. The Court may enter an In Rem deficiency Judgment if it finds there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the court.

9. **SPECIAL RIGHT TO REDEEM:** If the subject real estate has been found to be residential as defined by statute and the purchaser at the judicial sale was a mortgagee who was a party to the foreclosure or its nominee, and the sale price is less than the amount specified in 735 ILCS 5/15-1603(d), then an owner of redemption as set forth in Section 15-1603(a) shall have the special right to redeem, for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmation by the court.

10. **TERMINATION OF SUBORDINATE INTERESTS:** In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and for each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

    a. This Judgment and all orders entered pursuant to said judgment are valid as stated above. The inadvertent failure to name a subordinate record claimant will not invalidate this judgment. Should such a record party not be party to this action, the Plaintiff may take title and file a subsequent action to determine the redemptive rights of such a party. Plaintiff may amend the complaint for foreclosure to name such a party if it is made aware of the claim prior to the judicial sale without affecting the validity of the judgment as to the other party defendants. Should such a claimant not exercise its redemptive rights within the stated time, they shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem or otherwise enforce its claim against the subject property.

11. **ISSUANCE OF DEED:** After the expiration of the mortgagor's reinstatement and redemption rights, payment of the purchase price by the successful bidder and confirmation of the sale, the person conducting the sale shall execute and issue a deed to the owner and holder of the Certificate of sale pursuant to 735 ILCS 5/15-1509. Delivery of the deed shall be sufficient to pass title and extinguish all claims of parties to the foreclosure including unknown owners and non-record claimants.

12. **TORRENS REAL ESTATE:** If the subject property is registered with the Registrar of Titles for Cook County, it is also ordered that the Registrar cancel the Certificate of Title and issue a new Certificate without the surrender of the Owner's Duplicate Certificate of Title or Affidavit of Lost Certificate.

13. **JURISDICTION:** The Court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in paragraph (9) of this Judgment.

14. **JUDGMENT MAILING:** A copy of this judgment shall be mailed to the mortgagors and current owner(s) at their last known mailing address within 7 days.

**ENTERED:**

Dated: November 21, 2014

John J. Tharp
United States District Judge

**Potestivo & Associates, P.C.**
Megan C. Adams (ARDC# 6312221)
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Plaintiff
Our File No.: C14-95622